*322 Opinion of the Court,
by Ch. J. Boyle.
SOME years ago, Shannon’s heirs, having recovered in an ejectment, a judgment for their term yet to come, as well as for damages and costs, against Betsey Simpson, William Simpson, Polly Simpson, John Simpson and Benjamin Simpson, heirs of Joseph Simpson, deceased, to revive the judgment and have execution thereof, they sued out a scire facias. The original scire facias, an alias and pluries after pluries were issued, from term to term, for many terms, for a long time before the defendants were all served with the process. At length,, the pluries returnable to June term 1823, and gome of the preceding writs of scire facias, had been servec^ upon all the defendants except John Simpson, who was returned by the sheriff “not found,” by the pluries returnable to the June term, 1823, and had- been so returned by one of the preceding writs of scire facias. Another writ of scire facias, however, was issued, returnable to the September term, and was returned by the sheriff executed upon John Simson. At that term, on cause was set for trial, the defendant, Betsey, by the name of Betsey Miller, filed a plea, alleging her coverture in abatement of the 'suit; but this plea ^ie motion of the plaintiffs by their attorney, rejected by the court, and the defendants thereupon pleaded .nul tiel record, to which issue was joined by the pla*nt*ffsi and the court, upon that issue, awarded execution for them according to the original judgment, and the defendants have appealed to this court.
The ^rst ‘I11®3^00 presented by the assignment of erYors, is, whether the plea in abatement of the suit, was properly rejected by the circuit court or not?
The plea was in apt form, and its truth verified by affidavit, as required by the act of assemby, and in point of matter, was unquestionably sufficient to abate the suit; but it is contended, that the plea was offered at too late a stage of the cause to be admissbile, and that its rejection on that ground was correct. Ihe act reg- *323 elating pleadings in this respect,, requires defendants to file their pleas on or before the day to which the cause is docketed, at the first term of which the cause stands for trial, and on failure, expressly prohibits them thereafter to file any plea in abatement. (1 Dig. L. K. 260.) The question then occurs, whether the September term, 1823, was the first term at which the cause stood for trial?
The pract-lce in delivering-possession, is, deliver ° possession of the premises-^°°^f®d’ the directions of the plain-acts at his own peril,
The scire facias returnable to the preceding June term, and the prior writfc, as we have already stated, were executed upon all the defendants, except John Simpson, and the writ returnable to that term, and one of those which had been before issued, were returned, as to John Simpson, “not found.”
Now, the act of assembly'which authorises sheriffs to execute writs of sc ire facias, in like manner as writs of capias ad respondendum, provides that where a writ of scire facias is returned that a defendant or defendants are not found, another shall issue, and if the second is returned that he or they are not found, it shall be considergd as sufficient service of the writ. (1 Dig. L. K. 256.) As, therefore, two of the writs of scire facias hacl been returned as to the defendant, John Simpson, “not found,” a sufficient time prior to the June term, the-service was as good to. him,, and the writs having, been executed upon all the other defendants, it is plain-that the cause must have stood for trial at that'term,,- and it follows, that it was too late, at the September term following, to file the plea in abatement.
The only other point made, by the assignment of errors, which we deem, material to b.e noticed, relates to. the uncertainty of the judgment
By the verdict in that action of ejectment, the defendants were.found n.ot.guilty, as to all the lands which Joseph Simpson, their ancestor,, had enclosed on the 12th. of May,. 1802, and guilty as to the residee of the land,, which the defendants were possessed of at the commencement oF the suit. The original' judgment was entered in conformity, to the verdict, and in.this case,.the-judgment pursues,strictly the original judgment.
This judgment must- be admitted to be. in. some degree, vague and uncertain; but it is not more so than, the judgment in ejectment is, in every case where it is rendered for the premises in the declaration,, and the. declaration itself contains no certain description of the *324 premises. This is often the case, and, we apprehend, an objection to- the declaration for uncertainty, in such case, or to the judgment, which must partake of the same uncertainty, could not be sustained. It was anciently considered an established principle, that a declaration in ejectment should contain such certainty in the description as to enable the sheriff exactly to know, without any information from the lessor of the plaintiff, of what to deliver possession; but, as Adams observes, “amongst other salutatry regulations, which the wisdom of modern times has introduced into this action, the abolition of the above mentioned maxim, may be reckoned; and it is now the practice for the sheriff to deliver possession of the premises recovered, according to the directions of the claimant, who therein acts at his own peril.” Adams on Ejectment 21.
Judgment affirmed with costs.